1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  GLEN PAUL DOMINGUEZ,                1:10-cv-02146-LJO-SMS

12              Plaintiff,
                                    **FINDINGS AND RECOMMENDATION**
13  vs.                             **RE: DISMISSAL OF ACTION**
                                    (Doc. 9)
14  STATE OF CALIFORNIA DEPARTMENT
    OF CORRECTIONS,
15
                Defendant.
16  _____/

17

18      Plaintiff is proceeding pro se in this civil rights action.

19  On November 17, 2010, plaintiff filed the Complaint and instant

20  action against defendant (Doc. 1).

21      On December 2, 2010, Civil New Case Documents Issued

22  (Doc. 6), and a Mandatory Scheduling Conference was thereby set

23  for February 10, 2011 at 9:00 a.m. in Courtroom No. 7 before the

24  Honorable Sandra M. Snyder, United States Magistrate Judge, which

25  documents were served on plaintiff by U.S. Mail at his address of

26  record.

27      On December 3, 2010, other court documents that were

28  previously served on plaintiff by U.S. Mail were returned to the

                                    1

Court by the U.S. Postal Service as Undeliverable, Not
Deliverable as Addressed, Unable to Forward.  Plaintiff was then
required to file a Notice of Change of Address with the Court by
February 10, 2011, pursuant to Local Rule 183(b), which states:

> A party appearing in propria persona shall
> keep the Court and opposing parties advised
> as to his or her current address.  If mail
> directed to a plaintiff in propria persona by
> the Clerk is returned by the U.S. Postal
> Service, and if such plaintiff fails to
> notify the Court and opposing parties within
> sixty-three (63) days thereafter of a current
> address, the Court may dismiss the action
> without prejudice for failure to prosecute.

On February 3, 2011, court staff even attempted to obtain a
current telephone number for plaintiff by calling general
information at 661-555-1212 for the Bakersfield area, to no avail
(Doc. 7).

Nevertheless, the Mandatory Scheduling Conference came on
regularly for hearing on February 10, 2011 at 9:00 a.m. in
Courtroom No. 7 before Judge Snyder, for which plaintiff did not
appear or otherwise contact the Court.  Additionally, plaintiff
has not yet served the case on defendant, nor has he filed a
notice of change of address with the Court as required.

On February 11, 2011, the Court issued an Order to Show
Cause ("OSC") requiring plaintiff to personally appear in court
on February 25, 2011 at 9:30 a.m. in Courtroom No. 7 before Judge
Snyder, to show cause why this action should not be dismissed.
Plaintiff was also forewarned that failure to comply with the OSC
would result in a recommendation to the District Judge that this
action be dismissed (Doc. 9).  On February 25, 2011, plaintiff
once again did not appear or otherwise contact the Court.

1   Local Rule 110 provides that "[f]ailure of counsel or of a
2   party to comply with these Rules or with any order of the Court
3   may be grounds for imposition by the Court of any and all
4   sanctions ... within the inherent power of the Court."  District
5   courts have the inherent power to control their dockets and "[i]n
6   the exercise of that power they may impose sanctions including,
7   where appropriate, ... dismissal."  Thompson v. Housing Auth.,
8   782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an
9   action, with prejudice, based on a party's failure to prosecute
10  an action, failure to obey a court order, or failure to comply
11  with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54
12  (9th Cir. 1995) (dismissal for noncompliance with local rule);
13  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
14  (dismissal for failure to comply with an order requiring
15  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
16  (9th Cir. 1988) (dismissal for failure to comply with local rule
17  requiring pro se plaintiffs to keep court apprised of address);
18  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
19  (dismissal for failure to comply with court order); Henderson v.
20  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
21  of prosecution and failure to comply with local rules).
22  In determining whether to dismiss an action for lack of
23  prosecution, failure to obey a court order, or failure to comply
24  with local rules, the court must consider several factors: (1)
25  the public's interest in expeditious resolution of the
26  litigation; (2) the court's need to manage its docket; (3) the
27  risk of prejudice to the defendants; (4) the public policy
28  favoring disposition of cases on their merits; and, (5) the

1  availability of less drastic alternatives.  Thompson, 782 F.2d at

2  831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

3  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

4        In the instant case, the Court finds that the public's

5  interest in expeditiously resolving this litigation and the

6  Court's interest in managing the docket weigh in favor of

7  dismissal.  The third factor, risk of prejudice to defendant,

8  also weighs in favor of dismissal, since a presumption of injury

9  arises from the occurrence of unreasonable delay in prosecuting

10 an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th

11 Cir. 1976).  The fourth factor -- public policy favoring

12 disposition of cases on their merits -- is greatly outweighed by

13 the factors in favor of dismissal.

14        Additionally, the Court requires compliance with the Federal

15 Rules of Civil Procedure and the Local Rules of Practice for the

16 Eastern District of California.  To aid the Court in the

17 efficient administration of this case, plaintiff is expected to

18 familiarize himself with the Federal Rules of Civil Procedure and

19 the Local Rules of Practice for the Eastern District of

20 California, and to keep abreast of any amendments thereto.  The

21 Court must insist upon compliance with these Rules if it is to

22 efficiently handle its ever increasing caseload.  Sanctions,

23 including dismissal, could be imposed for failure to follow the

24 Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

25        Accordingly, the Court RECOMMENDS that this entire action be

26 DISMISSED, without prejudice, for plaintiff's failure to follow

27 the Court's order(s) and rules and failure to prosecute this

28 action.

1    These Findings and Recommendation are submitted to the
2    Honorable Lawrence J. O'Neill, United States District Judge,
3    pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule
4    304 of the Local Rules of Practice for the United States District
5    Court, Eastern District of California.  Within **ten (10) days** from
6    the date of service of these Findings and Recommendation,
7    plaintiff may file with the court written objections to such
8    proposed Findings and Recommendation.  Such a document should be
9    captioned "Objections to Magistrate Judge's Findings and
10   Recommendation."  The Court will then review the Magistrate
11   Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff is
12   advised that failure to file objections within the specified time
13   may waive the right to appeal the District Court's order.
14   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15

16

17   IT IS SO ORDERED.

18   **Dated:    March 15, 2011              /s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28